UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00012-MOC

| | |
|---|---|
| ALICE M. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) MEMORANDUM OF DECISION |
| | ) and ORDER |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment (denominated a "Motion for Judgment on the Pleadings") and the Commissioner's Motion for Summary Judgment (denominated a "Motion for Order Affirming the Commissioner's Decision").[1] Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits as well as Supplemental Security Income Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. The Appeals Council reversed the ALJ's initial determination and remanded such decision with instructions,

---

[1]    See Scheduling Order (#9) at ¶¶ 1-2, requiring the filing of motions for summary judgment.

which included conducting a new hearing. A second decision was issued by the ALJ in conformity with the direction of the Appeals Council, which was also unfavorable to plaintiff. Plaintiff again requested review by the Appeals Council, which was denied, making the ALJ's second decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV.     Substantial Evidence

### A.     Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the extensive decision of the ALJ, and reviewed the exhibits contained in the

administrative record.  The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.  The undersigned finds that it is.

### B.     Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled.  The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

   a.   An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b.   An individual who does not have a "severe impairment" will not be found to be disabled;

   c.   If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

   d.   If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

   e.   If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f).  In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C.     Discussion

#### 1.     The Final Determination of the Commissioner

On remand, the ALJ determined at Step 1 that plaintiff met the insured status requirements for Title II purposes through December 31, 2007 and that she had not engaged in

substantial gainful activity since her alleged onset date of April 7, 2007. AR at 34. At Step 2, he determined that plaintiff had the severe impairments of degenerative disc disease, residuals from a gunshot wound, obesity, an affective disorder, a cognitive disorder and a learning disorder. Id. He then found at Step 3 that plaintiff did not meet a disability listing. At Step 4 he held that plaintiff had the RFC to perform unskilled light work which involved frequent handling, manipulation and fingering (fine manipulation) maneuvers with the left upper extremity in a low stress environment. AR at 37. He concluded that plaintiff was not capable of performing her past relevant work, but that she could perform the jobs of cashier, ticket taker and cafeteria attendant and was therefore not disabled. AR at 42-44.

1. **Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

I. The ALJ erred in his evaluation of medical source opinions;

II. The Doctrine of *Res Judicata* bars the ALJ from making findings inconsistent with findings made in his previous decision

2. **First Assignment of Error: Medical Source Opinions**

Plaintiff contends that the ALJ violated Social Security Ruling ("SSR") 96-8p by failing to address an inconsistency between (1) the portion of his RFC assessment in his second decision in which he found that plaintiff could perform frequent handling and fingering with her left hand, AR at 37, and the opinion of consultative examiner Vincent Hillman, M.D., that plaintiff had a decreased capability of doing a significant amount of dexterous activity with her left hand.

In accordance with SSR98-8p, where an ALJ's residual functional capacity ("RFC") finding conflicts with an opinion from an acceptable medical source, such as Dr. Hillman, then

4

the adjudicator must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184, at *7. Despite plaintiff's argument to the contrary, it appears that the ALJ fully credited Dr. Hillman's opinion and incorporated his findings into his RFC for plaintiff.

In his RFC assessment, the ALJ found that plaintiff could perform frequent – as opposed to constant – handling and fingering maneuvers with her left hand. AR at 37. In his discussion of how he reached this finding, the ALJ states that he gave "great weight" to Dr. Hillman's opinion. Indeed, the ALJ goes so far as to quote Dr. Hillman's conclusions that plaintiff that plaintiff had "a decreased capability of doing a significant amount of dexterous activity" with her left hand AR at. 41, quoting AR at 305, then states that he accounted for this opinion in his RFC finding by limiting plaintiff to frequent handling and fingering with her left hand. AR at 41. There simply is no conflict between the ALJ's RFC and Dr. Hillman's opinion and such assignment is overruled.

### 3. Second Assignment of Error: *Res Judicata*

Plaintiff is quite correct that the Commissioner is bound by her final decisions in subsequent decisions as to particular claimants. Plaintiff's assignment of error, however, pivots on what is a "final decision" of the Commissioner. Clearly, where the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner and is appealable to this court. Clearly, the Doctrine of *Res Judicata* would constrain the Commissioner on any remand issued by this court.

Here, however, the previous remand was not issued by this court, but by the Appeals Council, which resulted in the first decision of the ALJ never maturing into a final decision of the Commissioner. Pursuant to the governing regulations, an administrative law judge's denial

of benefits does not become "final" unless and until, *inter alia*, the Appeals Council has denied the claimant's request to review that decision. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). By granting that request for review and remanding the claim to the ALJ, the first decision of the ALJ could never have become a final determination of the Commissioner. See Muse v. Sullivan, 925 F.2d 785 (5th Cir. 1991).

### D. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#12) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#16) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: October 8, 2013

Max O. Cogburn Jr.
United States District Judge